UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 4:20-cr-00004-007-TRM-CHS |
| ) | |
| AMANDA LYNNE HOLLAND ) | |

## MEMORANDUM AND ORDER

AMANDA LYNNE HOLLAND ("Defendant"), came before the Court for an initial appearance on December 17, 2024, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Petition for Offender Under Supervision [Doc. 264] (the "Petition").

After being sworn in due form of law, Defendant was informed of her privilege against self-incrimination under the 5th Amendment and her right to counsel under the 6th Amendment to the United States Constitution.

The Court determined Defendant wanted to be represented by an attorney and that she qualified for the appointment of an attorney to represent her at government expense. Consequently, the Court **APPOINTED** Attorney Michael Henry of Federal Defender Services of Eastern Tennessee, Inc., to represent Defendant.

Defendant was furnished with a copy of the Petition, and had an opportunity to review that document with her attorney. The Court determined that Defendant was able to read and understand the Petition with the assistance of her counsel. In addition, AUSA Russ Swafford explained to Defendant the specific charges contained in the Petition. Defendant acknowledged that she understood the charges in the Petition.

The Court explained Defendant's right to a preliminary hearing what that hearing entails. Defendant conferred with her counsel and waived her right to a preliminary hearing. The Government did not move for Defendant to be detained pending disposition of the Petition or further Order of this Court. Rather, the Government agreed with Probation's recommendation that Defendant continue her in-patient substance abuse treatment at Tangu Counseling and Treatment Services in Marietta, Georgia. Defendant was admitted to such treatment center on December 4, 2024. Her attorney submitted to the Court a signed letter from Tangu indicating the following:

> This is in reference to Amanda Holland, who was admitted into Tangu's IOP as well as Tangu's sober residency on 12/4/2024. Amanda Holland is an active member of Tangu's IOP by attending group therapy five times a week and individual counseling. Amanda Holland is drug screened at least three times a week, complies with program rules, works closely with her individual counselor, attends 12-step meetings, works with a sponsor, completes treatment assignments, and shares in group sessions. Amanda Holland is projected to complete IOP on

3/4/2025.

The Court finds that probable cause exists to demonstrate that Defendant has committed violations of her conditions of supervised release; however, the Court further finds that Defendant does not present a risk of flight or a danger to any other person or to the community while she is undergoing inpatient substance abuse treatment. Consequently, the Court **GRANTED** the Government's oral motion to release Defendant while she is undergoing such treatment.

It is, therefore, **ORDERED** that:

1. Defendant shall remain out of custody subject to the conditions of her supervised release while she is undergoing substance abuse treatment at Tangu Counseling and Treatment Services.

2. Counsel for Defendant and the Government shall confer and make best efforts to submit to the United States District Judge a proposed Agreed Order with respect to an appropriate disposition of the Petition.

3. In the event counsel are unable to reach agreement with respect to an appropriate disposition of the Petition, they shall request a hearing before the United States District Judge.

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE